JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. DAMON, an individual, | CASE NO. CV 15-2640-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS |
| v. | |
| KORN/FERRY INTERNATIONAL, a Delaware corporation; GARY D. BURNISON, an individual, and DOES 1 through 50, Inclusive, | |
| Defendants. | |

Before the Court are the Motion to Remand filed by plaintiff Robert A. Damon ("Plaintiff" or "Damon"), Dkt. No. 12, and the Motion to Dismiss filed by defendants Korn/Ferry International ("Korn/Ferry") and Gary D. Burnison ("Burnison,") (collectively, "Defendants"), Dkt. No. 11. This Court took the matter under submission on May 13, 2015. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's Motion to Remand, and DENIES as moot Defendants' Motion to Dismiss.

In September 2007, Plaintiff and Korn/Ferry entered into an employment agreement

("2007 Employment Agreement"), which contained provisions providing Plaintiff with incentive pay and benefits should his employment be terminated without cause.

Specifically, the 2007 Employment Agreement provided that Korn/Ferry would make a "one-time company contribution in the amount of $1,000,000 into a deferred compensation account established for your benefit under Korn/Ferry's Executive Capital Accumulation Plan (ECAP)." (Dkt. No. 1, Compl., Ex. B) The 2007 Employment Agreement provided that the $1,000,000 company contribution would only be forfeited if: (1) Plaintiff terminated his employment at Korn/Ferry prior to the age of 63; or (2) if Korn/Ferry terminated Plaintiff for "Cause" as defined by the 2007 Employment Agreement. The 2007 Employment Agreement further provided that if Korn/Ferry terminated Plaintiff's employment without cause any accrued and unpaid annual incentive award for the fiscal year in which the termination occurred would be due at that time.

Plaintiff contends that during his employment at Korn/Ferry two female employees complained to him about Burnison's alleged sexual harassment and abuse, prompting Plaintiff to disclose this information to two members of Korn/Ferry's Board of Directors. Plaintiff alleges that in late December 2014, Burnison learned that Plaintiff had been the moving force behind the complaints to the Korn/Ferry Board of Directors, and that Burnison terminated Plaintiff one month later in retaliation.

On March 10, 2015, Plaintiff filed its Complaint in Los Angeles Superior Court alleging wrongful termination. The Complaint contained twelve causes of action, two of which became the basis for Defendants' removal action: Plaintiff's fourth claim for breach of contract and seventh claim for violating Business and Professions Code Section 17200. On April 9, 2015, Defendants filed their Notice of Removal, contending that Section 502(a) of ERISA completely preempts Plaintiff's breach of contract and UCL claims.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal

jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*. Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*.

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). However, an exception to the well-pleaded complaint rule applies "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003). In other words, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law." *Id.* In such circumstances, "the state claim can be removed" to federal court. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004). On the other hand, if the state law claims are not completely preempted, the district court lacks subject matter jurisdiction to hear the action. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.,* 581 F.3d 941, 945 (9th Cir. 2009). If the "district lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c).

Defendants contend that removal is proper based on federal question jurisdiction because Plaintiff's fourth claim for Breach of Contract and seventh claim for violating Business and Professions Code Section 17200 are completely preempted by ERISA. In *Aetna Health Inc.* v. *Davila,* 542 U.S. 200 (2004), the Supreme Court developed a two-prong test for determining whether an asserted state-law claim is completely preempted by ERISA § 502(a)(1)(B). 542 U.S. at 210. *Davila*'s two prongs are: (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B);" and (2) "no other independent legal duty" is implicated. *Id.* A "state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin Gen. Hosp.,* 581 F.3d at 947.

Here, Plaintiff's claims against Defendants arise from his alleged wrongful termination of employment in retaliation for making protected complaints that Burnison was sexually harassing and abusing female employees. Plaintiff contends that Defendants breached the 2007 Employment Agreement by terminating him without cause, failing to pay him incentive pay, and

3

canceling certain benefits.    Plaintiff's UCL claim is derivative of the breach of contract claim, re-alleging Defendant's failure to pay wages under an employment contract as an unfair business practice.

At a minimum, here, the second prong of *Davila* is not satisfied.  The second prong presents the issue of whether "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1) (B)." *Marin*, 581 F.3d at 949. As the Ninth Circuit explained in *Marin*:

> It is not enough for complete preemption that the contract and tort claims "relate to" the underlying ERISA plan, or that ERISA § 502(a)(1)(B) may provide a similar remedy. The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA.

*Id*. at 950. In *Marin*, the state-law claims based on the alleged oral contracts were not based on an obligation under an ERISA plan. *Id*. They were based on independent legal duties. *Id*.

As in *Marin,* Plaintiff's "claims do not rely on, and are independent of, any duty under an ERISA plan." 581 F.3d at 949.  Plaintiff contends that, under the 2007 Employment Agreement, if he were to be terminated without cause, he was due bonus pay, and other benefits deemed vested by the terms of the 2007 Employment Agreement.  Defendants' contention that liability for breach of contract cannot be determined without reference to the terms of the ECAP is not persuasive.  Indeed, Plaintiff's breach of contract and UCL claims are premised on the terms of the 2007 Employment Agreement, which is an agreement independent of the terms of Korn/Ferry's ECAP, and which endows Plaintiff with rights beyond those created by the ECAP.  Plaintiff's breach of contract and UCL claims depend on interpretations of state law, and do not in any way require the interpretation of an ERISA plan administered by Defendants.  For these reasons, Plaintiff's causes of action are based on an independent legal duty and do not satisfy the second prong of *Davila*.

Because Plaintiff's state-law claims are not completely preempted by ERISA, there are no federal causes of action to support removal. Accordingly, the Court GRANTS Plaintiff's Motion to Remand, and DENIES as moot Defendants' Motion to Dismiss.

4

1  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED.  (Dkt. No.
2  12)  Defendants' Motion to Dismiss is DENIED as moot.  (Dkt. No. 11).
3  Dated: May 19,  2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE